UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN GOLDEN d/b/a G2               CIVIL ACTION
DATABASE MARKETING and G2
DATABASE MARKETING, INC.


VERSUS                             NO: 15-5769


CLEAR ADVANTAGE MARKETING,         SECTION: R(5)
ET AL.

### ORDER

Plaintiffs Glenn Golden and G2 Database Marketing, Inc. move the Court to issue a temporary restraining order and to set a preliminary injunction hearing.[1] Plaintiffs argue that non-resident defendants Mark McKamey, Tim Bollman, and Clear Advantage Marketing, Inc.[2] have unlawfully infringed plaintiffs' copyrighted "casino database marketing software" by directly copying, with little modification, plaintiffs' original work and marketing the software to casinos in Nevada, Iowa, and elsewhere.[3]

To obtain a temporary restraining order, the moving party must show: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that the movant will suffer irreparable harm if the court denies the injunctive relief; (3) the threatened injury to the movant

---

[1]   R. Doc. 17.

[2]   *See id.*

[3]   *See* R. Doc. 17-1; R. Doc. 8.

outweighs the threatened harm to the defendant; and (4) the court's granting injunctive relief will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A temporary restraining order is an "extraordinary remedy" that should not be granted unless the movant has "clearly carried the burden of persuasion on all four requirements." *See Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

Because there are issues regarding the existence of personal jurisdiction as to these defendants, the Court DENIES plaintiffs' motion for a temporary restraining order.

New Orleans, Louisiana, this ___22nd___ day of December, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE